UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

09 12

_____X

ALFRED A. WILLIAMS,

                   PLAINTIFF

GLASSER, J.

     -Against-

REYES, M.J.

NEW YORK CITY POLICE DETECTIVE
VICTOR COX, UNKNOWN OFFICERS OF THE
NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY,

                  DEFENDANTS

_____X

COMPLAINT

CIVIL ACTION NO.

7TH AMENDMENT
OF THE US CONST.

FED. R. CIV. PROC.
37

TITLE 42 U.S.C.
SEC. 1983, 1985,
1986

ALL ARE SUED IN
INDIVIDUAL AND
OFFICIAL
CAPACITY

## I. COMPLAINT

PLAINTIFF THROUGH HIS ATTORNEY, FREDDIE J. BERG, ESQ., FOR HIS

COMPLAINT, STATES AS FOLLOWS:

## II. PARTIES, JURISDICTION AND VENUE

1.    Plaintiff at all times relevant herein resided at 224-35 93rd Avenue,

Queens Village, NY 11428.

2.    Plaintiff is and was at all times mentioned herein an adult citizen of the

3

United States and a resident of the State of New York.

3.      Defendant, New York City Police Detective, VICTOR COX was at all relevant times herein a Police Detective of the New York City Police Department (NYPD) of the City of New York (NYC).

4.      Defendants, UNKNOWN OFFICERS OFTHE NYC POLICE DEPARTMENT were at all relevant times herein, Police Officers of the New York Coty Department (NYPD).

5.      Defendant, NEW YORK CITY POLICE DEPARTMENT (NYPD) was at all times herein, a Department of the New York City (NYC),

6.      Defendant, New York City (NYC) was a all times herein, a Municipal Corporation of the State of New York.

7.      This action arises under and is brought pursuant to 42 U.S.C. Section 1983, 1985 and 1986, to litigate and remedy the violation and deprivation under Color of State Law, of the Fundamental Rights guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

8.      This Cause of Action arose in the Eastern District of New York. Therefore venue is proper under 28 U.S.C. section 1391(b).


### III. PREVIOUS LAWSUITS BY PLAINTIFF

9.      Plaintiff has filed no other lawsuits against the same Defendants dealing with the same facts in this action.

4

## IV. STATEMENT OF CLAIM

10.     At all relevant times herein, Defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under the color of law to deprive Plaintiff of Fundamental Rights pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

## V. STATEMENT OF FACT

11.     On February 6, 2014, Plaintiff was arrested by the Defendant, Police Detective VICTOR COX for allegedly committing the following crimes which allegedly took place inside of 147-15 Linden Boulevard, County of Queens, State of New York in the residence of two individuals (the Complainants) named Leonna Sukhnandan and Meena Rojan:

> Count 1: Burglary in the First Degree, Penal Law 140.30[03], B Felony.
>
> Count 2: Robbery in the First Degree, Penal Law 160.15{03], B Felony.
>
> Count 3: Burglary in the Second Degree, Penal Law 140.25[02], C Felony.
>
> Count 4: Robbery in the Second Degree, Penal Law 160.10[01], C Felony,
>
> Count 5: Coercion in the First Degree, Penal Law 135.65[01], D Felony.
>
> Count 6: Criminal Impersonation in the First Degree, Penal Law 190.26[01], E Felony.
>
> Count 7: Menacing in the Second Degree, Penal Law 120.14[01], A Misdemeanor.
>
> Count 8: Act in a Manner to Injure a Child of Less than 17, Penal Law 260.10[01], A Misdemeanor.

5

12.     It was alleged by the Complainants, Leonna Sukhnandan and Meena Rojan (Mother and Daughter) and Detective Victor Cox that the alleged crimes proffered against the Plaintiff occurred between 1.30 p.m. and 2.30 p.m. at the residence of the Complainants, Leonna Sukhnandan and Meena Rojan (Mother and Daughter).

20.     On January 21, 2014, at around 12.25 p.m., the Plaintiff was with his sister in law, Dorien Yakim at TD Bank with an address of 214-32 Jamaica Avenue, Queens where the Plaintiff's sister in law, Dorien Yakim had deposited a check  (EXHIBIT A).

21.     On January 21, 2014, at around 1.30 p.m., the Defendant was with his sister in law, Dorien Yakim at the Supermarket, C-Town Market at the corner of 224th Street and Jamaica Avenue, Queens which is at least 5 miles away from where the alleged crimes proffered against the Defendant took place.

22.     On January 26, 2014, the Complainant, Meena Rojan identified the Defendant  in a PHOTO ARRAY as the perpetrator of the alleged crimes that allegedly occurred in the Complainants' house of residence with an address of 147-15 Linden Boulevard, County of Queens.

23.     On February 6, 2014, the Complainant, Meena Rojan allegedly identified the Plaintiff in a LINE-UP inside the NYPD 103rd Precinct as the perpetrator of the alleged crimes that allegedly occurred in the Complainants' house of residence with an address of 147-15 Linden Boulevard, County of Queens, NY.

24.     On February 6, 2014, almost two weeks after the alleged crimes allegedly occurred in the Complainants' house of residence with an address of 147-15 Linden Boulevard, County of Queens, the Plaintiff was arrested and charged for committing the alleged crimes.

6

25.     From the day of his arrest on February 6, 2014 to December1, 2014, the Plaintiff has denied that on June 20, 2014, he was at or near the house of residence of the Complainants with an address of 147-15 Linden Boulevard, County of Queens and that the Plaintiff committed any crime there:

25.     On June 20, 2014, the Plaintiff was indicted under Indictment No. 01417/2014 after the Arresting Officer, Police Detective Victor Cox and the Complainants, Leonna Sukhnandan and Meena Rojan (Mother and Daughter) testified falsely at the Grand Jury Proceeding. Specifically, they insinuated that the Plaintiff was at the Complainants' house of residence with an address of 147-15 Linden Boulevard, County of Queens and that the Plaintiff committed the following crimes:

> Count 1: Burglary in the First Degree, Penal Law 140.30[03], B Felony.
>
> Count 2: Robbery in the First Degree, Penal Law 160.15{03], B Felony.
>
> Count 3: Burglary in the Second Degree, Penal Law 140.25[02], C Felony.
>
> Count 4: Robbery in the Second Degree, Penal Law 160.10[01], C Felony,
>
> Count 5: Coercion in the First Degree, Penal Law 135.65[01], D Felony.
>
> Count 6: Criminal Impersonation in the First Degree, Penal Law 190.26[01], E Felony.
>
> Count 7: Menacing in the Second Degree, Penal Law 120.14[01], A Misdemeanor.
>
> Count 8: Act in a Manner to Injure a Child of Less than 17, Penal Law 260.10[01], A Misdemeanor.

26.     On July 8, 2014, the Plaintiff was arraigned in the Honorable Court of the Queens County Supreme Court presided by Honorable Barry Kron.

7

27.     On December 1, 2014, the Indictment No. 01417/2014 was dismissed in its entirety with prejudice by the Honorable Court (EXHIBIT A) presided by Honorable Barry Kron for lack of evidence that the Plaintiff committed any crime on January 21, 2014 in the residence of the individuals named Leonna Sukhnandan and Meena Rojan, mother and daughter respectively.

28.     Thus, the Claims in this case concern the Plaintiff being arrested and charged with non-existent crimes that were fabricated by the Arresting Officer, Police Detective Victor Cox and other unnamed Police Officers.

29.     The illegal and unconstitutional action of the Arresting Officer, Police Detective Victor Cox and other unnamed Police Officers resulted in the illegal and unlawful arrest of the Plaintiff on February 6, 2014, and illegal and unlawful detention and incarceration of the Plaintiff at the Vernon C. Bain Detention Center (VCBC) and the Ottis Bantum Correctional Center (OBCC) of the Rikers Island Prison Complex from February 1, 2014 to December 1, 2014, a nine month period.

## VI. ALLEGATIONS

30,     The Plaintiff relies on the following theories to support his Claims:

CLAIM I; On or around January 21, 2014, the Defendants, Arresting Officer, Police Detective Victor Cox and other unnamed Police Officers conspired with the Complainants, Leonna Sukhnandan and Meena Rojan to fabricate non-existent crimes, thereby violating the Fundamental Right to Due Process of the Law pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and People v. Isaacson, *(See People v. Isaacson 44 N.Y. 2d 511, 406 N.Y.S. 2d 714).*

8

CLAIM II: On February 6, 2014, the Defendants, Arresting Officer, Police Detective Victor Cox and other unnamed Police Officers arrested the illegally and unlawfully arrested the Plaintiff based on fictitious fabricated non-existent crimes without probable cause, thereby violating Plaintiff's Fundamental Right to be Secure in His Person against unreasonable Search and Seizure pursuant to the Fourth and Fourteenth Amendments of the United States Constitution,

CLAIM III: On February 6, 2014, the Defendants, Arresting Officer, Police Detective Victor Cox and other unnamed Police Officers had forcefully arrested the Plaintiff, handcuffed him with his hands behind his back inside Plaintiff's House of Residence without an Arrest Warrant, without probable cause, without exigent circumstances and transported to the Police Precinct and paraded like an animal with other individuals, some of whom were hardened criminals in an Identification Show up, thereby violating Plaintiff's Fundamental Right to be secure in His Person against unreasonable Search and Seizure pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

CLAIM IV: On June 20, 2014, the Indictment Number 1417/2014 was filed in the Supreme Court of the State of New York, County of Queens following a Grand Jury Proceeding in which the Arresting Officer Detective Victor Cox had lied to the Grand Jurors, thereby violating Plaintiff's Fundamental Right of Due process of the Law pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

CLAIM V: From February 6, 2014 to December 1, 2014, the Plaintiff remained detained and incarcerated at the Vernon C. Bain Detention Center and the Ottis Bantum Correctional Center as a result of the Policy of the New York City Police Department

9

(NYPD) and the New York City (NYC) to incarcerate minorities even though he had not committed any crime thereby violating the Plaintiff's Fundamental Right of Due Process of the Law pursuant to the Fifth and Fourteenth Amendments of the Unites States Constitution.

CLAIM VI: From February 6, 2014 to December 1, 2014, the Plaintiff was stripped naked on no less that ten occasions with other inmates like animals at the Vernon C. Detention Center and the Ottis Bantum Correctional Center and subjected to the "Bull Pen Shock Torture" more reminiscent of Apartheid South Africa and US Pre-Civil Rights Movement than 21st Century USA, thereby violating the Plaintiff's Fundamental Right of not to be subjected Cruel and Unusual Punishment pursuant to the Eighth Amendments of the United States Constitution. The Arresting Officer, Police Detective Victor Cox knew that Plaintiff would be stripped naked and subjected to the "Bull Pen Shock Torture" and was in fact happy to tell the Plaintiff at his arrest on February 6, 2014 that if the Plaintiff wanted to avoid being stripped naked with other inmates like animals and subjected to the "Bull Pen Shock Torture", all the Plaintiff had to do was confess to crimes that he did not commit.

CLAIM VII: The arrest of the Plaintiff on February 6, 2014, his subsequent incarceration, humiliation and violation of his Fundamental Right pursuant to the Eighth Amendments of the United States was possible in 21st USA because the New York City Police Department failed to train the Arresting Officer, Police Detective Victor Cox in the Criminal Law and in the United States Constitution and the New York City has a policy of not training New York City Police Officers in Criminal Law and in the United States Constitution, thus encouraging New York City Police Officers to break the State

10

and Federal Laws that they are supposed to uphold thereby violating the law and Plaintiff's Fundamental Rights.

## VII. DAMAGES SUSTAINED BY PLAINTIFF

31.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff was limited, prohibited and prevented from obtaining the fruits and benefits of his personal time and efforts.

32.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff has lost, suffered and incurred known and undiagnosed physical, emotional, psychological, and other limitations and traumatic injury.

33.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff has lost, suffered and incurred loss of income, opportunities, personal and professional gain, benefit, and profit.

34.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff has lost business and professional opportunities, benefits, profits and income.

35.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff has lost, suffered and incurred loss of consortium, comfort and endearment with his wife, immediate and extended family and friends.

36.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff has lost irretrievable good will, self respect and respect from others.

37.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff has lost irretrievable development and cultivation of friendships and of relationships, and of potential emotional and spiritual support, to benefit his life and everyday living,

38.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff has incurred and suffers from a demeaning reputation not of his own choosing, and a bruise to his own honor, not of his own volition, and his reputation is irreparably harmed and permanently impaired, and cannot be reversed, reconciled or resurrected.

39.     As a direct and proximate cause and consequence of each Defendant's conduct, actions and behavior, Plaintiff was limited, prohibited and prevented from obtaining the fruits and benefits of his personal time and efforts.


## VII. RELIEF SOUGHT

40.     The Plaintiff respectfully requests that the Honorable Court Order the Defendants to pay no less than two million dollars ($2,000000) for violating the Fundamental Rights of the Plaintiff as set forth above and for all damages suffered by Plaintiff as a result of his unlawful and unconstitutional arrest on February 6, 2014 and subsequent incarceration, humiliation and torture from February 6, 2014 to December 1, 2015.

41.     The Plaintiff respectfully requests that the Honorable Court Order the Defendants to pay to Plaintiff the cost of this action and reasonable Attorney Fees, and

such other damages, reimbursements, costs, and expenses to be allowed, and ordered by
the Honorable Court.

WHEREFORE, Plaintiff prays that the Honorable Court grant  Plaintiff the Relief
sought and further relief as is legal, just and proper, and ordered by the Honorable Court,

Respectfully Submitted,

FREDDIE J. BERG, ESQ.
ATTORNEY FOR PLAINTIFF
31-70 CRESCENT STREET, SUITE S1
ASTORIA, NY 11106
TEL: 646-531-1980

MAILING ADDRESS:
 FREDDIE J. BERG, ESQ.
 P.O. BOX 6583
 ASTORIA, NY 11106

13